United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
William Gilyard  
    Debtor

Case No. 18-13199-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: SaraR     Page 1 of 1     Date Rcvd: Jun 30, 2020  
                     Form ID: pdf900     Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 02, 2020.  
db          William Gilyard,    7500 Elmwood Avenue,    Philadelphia, PA   19153-1313

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
cr          +E-mail/Text: ally@ebn.phinsolutions.com Jul 01 2020 05:27:08      Ally Bank,  
          serviced by Ally Servicing LLC,    PO Box 130424,    Roseville, MN 55113-0004  
cr          +E-mail/Text: ally@ebn.phinsolutions.com Jul 01 2020 05:27:08      Ally Financial Inc.,  
          P.O. Box 130424,    Roseville, MN 55113-0004  
                                                                                                                         TOTAL: 2

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 02, 2020                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 30, 2020 at the address(es) listed below:  
         KEVIN G. MCDONALD    on behalf of Creditor     PENNSYLVANIA HOUSING FINANCE AGENCY  
          bkgroup@kmllawgroup.com  
         LEON P. HALLER    on behalf of Creditor     PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com,  
          dmaurer@pkh.com;mgutshall@pkh.com  
         MICHAEL D. SAYLES    on behalf of Debtor William Gilyard midusa1@comcast.net,  
          michaeldsaylesesq@comcast.net;r43253@notify.bestcase.com  
         REGINA COHEN    on behalf of Creditor    Ally Bank rcohen@lavin-law.com, ksweeney@lavin-law.com  
         REGINA COHEN    on behalf of Creditor    Ally Financial Inc. rcohen@lavin-law.com,  
          ksweeney@lavin-law.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com  
                                                                                                                                    TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : BANKRUPTCY NO. 18-13199(ELF)
WILLIAM GILYARD :
: CHAPTER 13
Debtor :

## STIPULATION RESOLVING ALLY FINANCIAL INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS MATTER having been brought before the Court on a Notice of Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d) by Lavin, Cedrone, Graver, Boyd & DiSipio, attorneys for Ally Financial Inc. and Michael D. Sayles, Esquire attorney for William Gilyard (the "Debtor"), having consented to the entry of the within Order, and for good cause shown;

AND NOW COMES Ally Financial Inc., by and through their counsel, and state as follows:

(a) William A. Gilyard (the "Debtor") financed the purchase of a 2016 Chrysler 300S, VIN: 2C3CCAGG0GH162105 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated June 27, 2016 (the "Contract") which has been assigned to Ally Financial Inc.

(b) Pursuant to the Contract, Ally Financial Inc. maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c) The Debtor desires to retain possession of the Vehicle and provide adequate protection for Ally Financial Inc.'s interest in the Vehicle.

NOW THEREFORE, in consideration of the above, Ally Financial Inc. and the Debtor STIPULATE AND AGREE as follows:

1. The Debtor is currently $28,002.65 in post-petition arrears for a total arrears of $28,002.65 through and including the June 11, 2020 due payment. The Debtor acknowledges his account is in post-petition arrears in the amount of $28,002.65.

2. The Debtor is paying $28,002.65 of the post-petition arrears along with $500.00 attorney fees through the Chapter 13 Plan for a total payment of $28,502.65. Claimant shall file an amended Proof of Claim including the post-petition arrears as stated above. Debtor shall amend his plan to include this amount.

3. The Debtor shall resume making regular monthly contractual payments in the amount of $1,167.75 each, commencing with the payment due on or before July 11, 2020. Pursuant to the Contract, a late charge may be assessed for any payment not received in full within ten (10) days after it is due.

4. The Debtor shall make the July 11, 2020 payment and all future payments on time. Said payment shall be forwarded to: Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

5. All payments shall be made payable to Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

6. The Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally Financial Inc. under the Contract are paid in full.

7. If Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make payments within fifteen (15) days of due date, Ally Financial Inc. shall be granted immediate relief from the automatic stay without further application to the court.

8. If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null

2

and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

9. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

10. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: June 24, 2020

*Michael D. Sayles, Esquire*
MICHAEL D. SAYLES, ESQUIRE
Attorney for the Debtor

CONSENTED TO BY:

DATED: 6/24/20

REGINA COHEN, ESQUIRE
Attorneys for Ally Financial Inc.

CONSENTED TO BY:

DATED: 6/25/2020

/s/LeRoy W. Etheridge, Esq. for
WILLIAM C. MILLER
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

## ORDER

The foregoing Stipulation is **APPROVED**.

Date: 6/29/20

ERIC L. FRANK
U.S. BANKRUPTCY JUDGE

3